UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-22683-CIV-GAYLES/WHITE

**LONNIE D. WILLIAMS,**

    Petitioner,

v..

**STATE OF FLORIDA**
**DEPT. OF CORRECTIONS,**

    Respondent.
_____/

### ORDER

**THIS MATTER** was referred to the Honorable Patrick A. White, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters [ECF No. 3]. On September 8, 2015, Judge White issued a Report of Magistrate Judge ("Report") [ECF No. 11] recommending that the Court dismiss, or in the alternative deny on the merits, Petitioner Lonnie D. Williams' ("Williams") petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). If no party timely objects, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Petitioner has not timely objected to the report.

The Court has reviewed the Report for clear error and is in full agreement with Judge White's comprehensive analysis and recommendations. Williams challenges the constitutionality of his confinement and argues that the state court erred by failing to find an *ex post facto* violation in the cancellation of the provisional credits he received as a result of prison overcrowding legislation.  However, as Judge White indicated in his Report, Williams committed his crime before the provision for overcrowding credits.  Because Williams had no expectation of receiving those credits, there is no *ex post facto* violation.  In addition, the state court's rejection of Williams' argument, that the February 1, 1980, settlement agreement in *Costello v. Wainright*, 397 F.Supp. 202 (M.D. Fla. 1975) sets the relevant date for the *ex post facto* analysis, is not contrary to or an unreasonable application of Supreme Court precedent. Accordingly, Williams' petition is without merit.  Based thereon, it is

**ORDERED AND ADJUDGED** that the Report of Magistrate Judge [EFC No. 11] is **ADOPTED**.  Williams' Petition for Writ of Habeas Corpus is **DENIED**.  It is further

**ORDERED AND ADJUDGED** that is case is **CLOSED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of September, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE